**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELIOT PAUL GOULD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3265 |
| | ) | |
| BYRON A. SCHNEIDER, in his | ) | |
| capacity as Chairman of the Illinois | ) | |
| State Board of Elections, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motion to Dismiss (d/e 12) (Motion) filed by Defendant Byron A. Schneider, in his official capacity as Chairman of the Illinois State Board of Elections.  The Motion is fully briefed, and pursuant to Local Rule 72.1, the District Judge has referred the matter to this Court for a Report and Recommendation.  After carefully considering all of the submissions of the parties and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends that the Motion be ALLOWED.

## STATEMENT OF FACTS

Gould brings this action to challenge the citizen challenge provision of the Illinois election laws, 10 ILCS 5/10-8, used in the November 2010

United States Senate elections.  Section 5/10-8 states, in part:

> § 10-8. Certificates of nomination and nomination papers . . . being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing the certificate of nomination or nomination papers or petition for a public question, with the following exceptions:
>
> . . . .
>
> Any legal voter of the political subdivision or district in which the candidate . . . is to be voted on, . . . shall file an objector's petition together with a copy thereof in the principal office or the permanent branch office of the State Board of Elections, or in the office of the election authority or local election official with whom the certificate of nomination, nomination papers or petitions are on file.

10 ILCS 5/10-8.[1]  Thus, any voter eligible to vote in the U.S. Senatorial election in Illinois can object to the validity of a candidate's nominating petitions.

Gould alleges in his pro se Complaint (d/e 1) that he is a citizen of the United States, an inhabitant of Illinois, and a taxpayer in Illinois and the United States.  He alleges that § 5/10-8 is unconstitutional because it interferes with the direct election of U.S. Senators in violation of the Seventeenth Amendment, and it constitutes a poll tax in violation of the Twenty-Fourth Amendment.  Gould also alleges that § 5/10-8 violates

---

[1]The exceptions referenced in § 5/10-8, but omitted from the quotation, are not relevant to this case.

§ 2 of the Voting Rights Act, 42 U.S.C. § 1973. Gould asks the Court to enter declaratory relief that § 5/10-8 is preempted by federal law and to enjoin the Defendant from enforcing the Section. Defendant Schneider moves to dismiss.

## LEGAL STANDARD

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Gould. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claims showing that Gould is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that Gould is entitled to relief. Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

Schneider asks the Court to dismiss Gould's Complaint because Gould lacks standing and because Gould fails to state a claim. Gould's

Complaint should not be dismissed for lack of standing. Gould alleges that he is a citizen of the United States, an inhabitant of Illinois, and an Illinois and a federal taxpayer. He further alleges that § 5/10-8 interferes with the voting rights of the citizens of Illinois. Schneider acknowledges that a voter has standing to challenge ballot access laws because such laws may affect a voter's rights to association and advancement of political beliefs. Memorandum of Law in Support of Motion to Dismiss (d/e 13), at 3 (citing Lee v. Keith, 463 F.3d 763, 768 (7th Cir. 2006). Gould fails to expressly allege that he is a voter, but he clearly alleges that he is a United States citizen, an inhabitant of Illinois, and a taxpayer. The Court will read these pro se pleadings liberally and find that Gould has alleged enough facts to allege that he has a right to vote in Illinois. He further has alleged enough to establish that he claims that § 5/10-8 is burdening his right to vote. The Court recommends finding that Gould has standing. Lee v. Keith, 463 F.3d at 768.

Gould, however, fails to state a claim. States may regulate elections and those regulations may impose reasonable requirements for access to the ballot as a candidate. Burdick v. Takushi, 504 U.S. 428, 433 (1992). In Illinois, independent candidates for statewide office must file valid nominating petitions containing valid signatures of either one percent of the voters eligible to vote in the election, or 25,000 signatures of such voters,

whichever is less.  10 ILCS 5/10-3.  The 25,000 figure is far less than one

percent of the millions of eligible voters in Illinois.  Hence, candidates for

statewide office, such as U.S. Senator, effectively must file valid petitions

with 25,000 signatures.  The Seventh Circuit determined in 2004 that the

25,000 figure was such a small fraction of the estimated 7,000,000

registered voters in Illinois at the time, that the signature requirement was

not excessive and was constitutional as a reasonable requirement for

access to the ballot.  Nader v. Keith, 385 F.3d 729, 733 (7th Cir. 2004).

Section 5/10-8 imposes no greater burden on candidates than those

imposed by § 5/10-3.  Section 5/10-8 only allows citizens to challenge

whether candidates have filed the requisite number of valid signatures on

valid petitions.[2]  The state is entitled to verify the legitimacy of the petitions

and the signatures; thus, a candidate should always be ready to defend his

petitions.  A citizen challenge only puts the matter at issue.  The only

burden on the candidate is the obligation to participate in an administrative

process to determine whether the candidate has followed the law.  The

---

[2]Gould notes that candidates from established parties only have to collect 5,000 signatures to be placed on the ballot.  See Complaint, at 2; Answer Upon State's Motion to Dismiss (d/e 17) (Response), at 13-16 (the Court refers to the pagination from the Court's CM/ECF system for Gould's filings because Gould did not number the pages on his filings); see also 10 ILCS 5/7-10.  Gould, however, only challenges the constitutionality of § 5/10-8.  The difference in the number of signatures required for independent candidates and candidates of established parties would exist pursuant to §§ 5/7-10 and 5/10-3 regardless of whether citizens could challenge petitions under § 5/10-8.

citizen challenge, therefore, does not unconstitutionally interfere with either the right to vote or the Seventeenth Amendment's requirement of the direct election of Senators.

Section 5/10-8 further does not violate the Twenty-Fourth Amendment. The Twenty-Fourth Amendment prohibits the imposition of a poll tax. Section 5/10-8 does not impose a tax of any kind on either voters or anyone else. Gould's arguments to the contrary are not persuasive. Gould's constitutional challenge should be dismissed.

Gould alleges that § 5/10-8 violates § 2 of the Voting Rights Act, 42 U.S.C. § 1973. Section 2 prohibits the denial or abridgment of the right to vote on account of race of color. 42 U.S.C. § 1973(a). Section 5/10-8 does not stop anyone from voting. The section only allows citizens to challenge whether a candidate has complied with the statutory requirements to be placed on the ballot.[3] Section 5/10-8 further does not keep anyone off the ballot. The candidate will only be kept off the ballot if

---

[3]Gould claims in his Response that five candidates who were subject to citizen challenges were removed from the November 2010 U.S. Senate ballot in Illinois. Response, at 19. Gould claims that § 5/10-8 is racially discriminatory because four of the five were African Americans. Id. Gould did not include these allegations in his Complaint. Even if he included these allegations in the Complaint, he would fail to state a claim because the citizen challenges brought under § 5/10-8 did not keep anyone off the ballot. A citizen challenge may have raised the issue, but each candidate's failure to file valid petitions containing the requisite number of valid signatures kept that candidate off the ballot. Gould's Complaint does not ask the Court to invalidate Illinois' requirements for valid petitions and signatures, only the citizen challenge provision contained in § 5/10-8. Gould would therefore fail to state a claim, even if he included these allegations in his Complaint.

he failed to file valid petitions with sufficient valid signatures. If the candidate has complied with the law, the challenge will fail. Section 5/10-8 does not violate § 2 of the Voting Rights Act.

Last, Gould uses the word "preempted" in his prayer for relief. Complaint, at 4. Gould's use of the word "preempted" seems to have been an error. Gould does allege that any federal statute preempts § 5/10-8, either by express preemption, conflict preemption, or field preemption. See Aux Sable Liquid Products v. Murphy, 526 F.3d 1028, 1033 (7th Cir. 2008) (reciting the types of preemption). The entire thrust of Gould's Complaint and his argument in his Response is that § 5/10-8 is unconstitutional and a violation of the Voting Rights Act. The use of the word "preempted" was a pleading error. To the extent that the use of the word was not an error, the Complaint fails to state a claim for preemption. The Complaint does not allege that any federal statute preempts § 5/10-8.

WHEREFORE, this Court recommends that the Motion to Dismiss (d/e 12) should be ALLOWED. The Complaint (d/e 1) should be dismissed with prejudice. The pending Motion to Quash (d/e 10) should be denied as moot. Upon dismissal of the Complaint, this case should be closed.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.

28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a

waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd.,

797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER:   January 19, 2011


s/ Byron G. Cudmore

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE
